## MADDEN v. HORIGAN.

### No. 798.

Municipal Court of Appeals for the District of Columbia.

Argued May 2, 1949.

Decided May 26, 1949.

Charles C. Collins, Washington, D. C. (Robert E. Anderson, Washington, D. C., on the brief), for appellant.

---

[2] Restatement, Agency, § 161; 2 Am.Jur., Agency, § 346; 2 C.J.S., Agency, § 95.

526

Hallock P. Long, Washington, D. C. (James H. McCoole, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was defendant in an action in which plaintiff claimed damages of $500 growing out of an automobile collision. He was duly served with process but on the return day, August 11, neither he nor his counsel appeared. Entry of default was made against defendant and the case was continued until September 24 for the taking of ex parte proof.[1] Neither defendant nor his counsel appeared on that day and on plaintiff's proof judgment was entered on September 29 against defendant for $299.10. On November 12, defendant moved to set aside the judgment on the ground that through inadvertence defendant's counsel had failed to appear to defend the action and that defendant had a good defense to the action. The trial court denied this motion.

Appellant concedes, as he must, that his only ground for appeal is the claim of abuse of discretion by the trial court. Without reciting the circumstances which resulted in counsel's failure to appear and defend, it is sufficient to say that the granting or denial of the motion rested in the sound discretion of the trial court and the record discloses no abuse of that discretion.

Affirmed.

---

[1] Civil Rule 36 Section A (b) (2), Municipal Court.